Judge SUDDOCK,
concurring.
With some frequency, impaired drivers compound their reckless decision to drive a vehicle with a second reckless decision — a decision to commit an independent crime by refusing to take a breath test. We have today determined that Rask’s refusal was influenced by confusion arising from relatively unique circumstances particular to his ease. But even absent such circumstances, refusal is not uncommon. The recurrence of this crime raises the question of whether' the State’s breath- test warning is too often failing in its mission to alert drivers that it is usually folly to refuse the breath test.
I conclude that the State’s warning is less than optimally effective because, while it explicitly purports to be a warning, it is not written like one. Over the past half-century, industrial engineers have honed the science of effectively warning persons against diverse hazards. The State’s breath test warning violates- nearly every principle of this discipline.
Arguably, the warning does not speak bluntly enough. It is labeled as an “Implied Consent Warning,” a phrase devoid of meaning to most. The breath test is verbosely termed a “chemical test of your breath to measure the alcoholic content of your breath.” The driver is not commanded but rather is ashed or requested to take a breath test. This wording suggests that the driver has a right to refuse to take the test, when, in fact, drivers have no more right to refuse the test than they do to commit any other crime. And the driver is informed that a refusal “can be” either a felony or a misdemeanor — wording that implies that in some instances, a refusal might not be a crime at all.
And at this moment when an impaired driver may be poised to commit a self-destructive crime, the driver’s peril is perhaps obscured by too much information. For example, the driver is made to listen to all of the complicated factors that make a breath test refusal a felony versus a misdemeanor, and to the maximum sentences and fines for each level of crime.
Lastly, the advisement ■ is not only too wordy, it is also too polite — subliminally suggesting that a breath test refusal is not an antisocial act. For example, the breath test warning informs drivers that if they refuse the breath test, a “law enforcement officer” will provide them a document explaining how to contest their ensuing (and inevitable) license revocation.
Under AS 28.35.032(a), the breath test warning need only make three points: a refusal is a crime, a refusal also entails loss of driving privileges, and a refusal is admissible evidence against the refuser. I believe that the breath test warning would be more effective if it confined itself to those essentials. In addition, an effective warning would perhaps include a large-font notice near the refusal check box entitled “WARNING” to re-emphasize that to check the refusal box is to commit a serious crime entailing a mandatory jail sentence and other consequences.
In sum, if the State were to substitute a shorter and more cogent breath test warning, employing proven techniques for maximum impact, the number of breath test refusals might significantly decrease. It seems to me that the spirit, if not the letter, of due process calls out for such a change.